PEOPLE v BAKER

Docket No. 286769. Submitted May 4, 2010, at Detroit. Decided May 11, 2010, at 9:00 a.m.

Richard L. Baker was convicted following a jury trial in the Wayne Circuit Court, James A. Callahan, J., of two counts of first-degree criminal sexual conduct, two counts of first-degree home invasion, and one count of assault with intent to do great bodily harm less than murder, and was sentenced for each conviction. Defendant appealed, alleging that his constitutional protections against double jeopardy were violated by his two convictions of first-degree home invasion arising out of a single home invasion.

The Court of Appeals *held*:

1. It appears that defendant was convicted of one count of first-degree home invasion because he broke into and entered the victim's apartment with the intent to commit larceny and was convicted of another count of first-degree home invasion because he broke into and entered the victim's apartment and, while inside her apartment, actually committed criminal sexual conduct.

2. MCL 750.110a identifies several ways in which first-degree home invasion can be committed by providing alternative elements that must be established, that is, each element of first-degree home invasion can be established by establishing one of two alternatives set forth in the statute. Here, defendant's first-degree home invasion convictions arose from the same offense. The jury, when presented with two counts of first-degree home invasion arising from the same wrongful breaking and entering, was asked to determine whether defendant was guilty under each of the two theories for establishing the second element of the offense. The Legislature did not intend to create a separate offense for home invasion corresponding to each type of actual or intended underlying crime occurring within the dwelling during the same invasion.

3. Defendant should have been convicted and sentenced for one count of first-degree home invasion supported by two theories. The matter must be remanded to the trial court with directions to

vacate one of the defendant's convictions and sentences for first-degree home invasion and modify the judgment of sentence accordingly.

Affirmed in part, reversed in part, and remanded.

CRIMINAL LAW — FIRST-DEGREE HOME INVASION — ELEMENTS — DOUBLE JEOPARDY.

The statute prohibiting first-degree home invasion provides two alternate methods of establishing each of the three elements of the offense; the prohibition against double jeopardy forbids two separate convictions of first-degree home invasion following a single home invasion where each conviction is based on a different alternate method of establishing the same element of first-degree home invasion (US Const, Am V; Const 1963, art 1, § 15; MCL 750.110a[2]).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Ana I. Quiroz*, Assistant Prosecuting Attorney, for the people.

*Daniel J. Rust* for defendant.

Before: CAVANAGH, P.J., and O'CONNELL and WILDER, JJ.

O'CONNELL, J. After a jury trial, defendant, Richard Lee Baker, was convicted of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(c) (during any other felony) and MCL 750.520b(1)(e) (weapon used), two counts of first-degree home invasion, MCL 750.110a(2), and one count of assault with intent to do great bodily harm less than murder, MCL 750.84. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 30 to 50 years' imprisonment for each CSC I conviction, 10 to 20 years' imprisonment for each first-degree home invasion conviction, and 5 to 10 years' imprison-

ment for the assault conviction. Defendant now appeals as of right. We affirm in part, reverse in part, and remand for further proceedings.

In the early morning hours of August 19, 2007, defendant entered the victim's apartment through an open window, took a knife from her kitchen, covered her eyes and bound her limbs, sexually assaulted her, and stole her Bridge card and keys. When the victim managed to free her hands and uncover her eyes, defendant attacked her with the knife. The victim recognized defendant, because she had hired him to install cable television in her apartment a few days before. The victim escaped from defendant and fled into the hallway outside her apartment, where neighbors found her and called the police. Defendant fled, but was apprehended a few days later.

On appeal, defendant does not dispute the validity of his CSC I and assault convictions. He only challenges his convictions of first-degree home invasion, arguing that his two convictions of first-degree home invasion arose from the same offense and, consequently, violated his constitutional protections against double jeopardy. Instead, defendant claims that because "the home invasion was continuous, involving both sexual acts and committed with the intent to commit a larceny, while armed with a knife," his convictions of two separate counts of home invasion constitute a double jeopardy violation. Essentially, defendant argues that he has been punished twice for the same offense.[1] We agree.

The United States and Michigan constitutions prohibit placing a defendant twice in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People*

---

[1] Because defendant failed to preserve this issue, we review it for plain error affecting defendant's substantial rights. *People v Matuszak*, 263 Mich App 42, 47; 687 NW2d 342 (2004).

*v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001). The Double Jeopardy Clause protects a defendant from both multiple prosecutions and multiple punishments for the same offense. *Herron*, 464 Mich at 599. The purpose of this prohibition, in a multiple-punishment context, is to prevent a court from imposing a sentence greater than that intended by the Legislature. *Hawkins v Dep't of Corrections*, 219 Mich App 523, 526; 557 NW2d 138 (1996).

In *People v Smith*, 478 Mich 292, 315; 733 NW2d 351 (2007), our Supreme Court held that the "same elements" test set forth in *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932), is "the appropriate test to determine whether multiple punishments are barred by Const 1963, art 1, § 15." The *Smith* Court explained:

> At the time of ratification [of Const 1963, art 1, § 15], we had defined the language "same offense" in the context of successive prosecutions by applying the federal "same elements" test. In interpreting "same offense" in the context of multiple punishments, federal courts first look to determine whether the legislature expressed a clear intention that multiple punishments be imposed. *Missouri v Hunter*, 459 US 359, 368; 103 S Ct 673; 74 L Ed 2d 535 (1983); see also *Wayne Co Prosecutor [v Recorder's Court Judge*, 406 Mich 374; 280 NW2d 793 (1979)]. Where the Legislature does clearly intend to impose such multiple punishments, " 'imposition of such sentences does not violate the Constitution,' " regardless of whether the offenses share the "same elements." *Id.* (citation and emphasis deleted). Where the Legislature has not clearly expressed its intention to authorize multiple punishments, federal courts apply the "same elements" test of *Blockburger* to determine whether multiple punishments are permitted. Accordingly, we conclude that the "same elements" test set forth in *Blockburger* best gives effect to the intentions of the ratifiers of our constitution. [*Smith*, 478 Mich at 316.]

The *Blockburger* test focuses on the statutory elements of the offense, without considering whether a substantial overlap exists in the proofs offered to establish the offense. *Id.* at 307; *People v Nutt*, 469 Mich 565, 576; 677 NW2d 1 (2004). If each offense requires proof of elements that the other does not, the *Blockburger* test is satisfied and no double jeopardy violation is involved. *Smith*, 478 Mich at 307.

In this case, defendant was convicted of two counts of first-degree home invasion pursuant to MCL 750.110a(2), which states:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

The parties do not dispute that the two first-degree home invasion charges brought against defendant did not correspond to two separate instances in which defendant wrongfully entered the victim's apartment. Defendant broke into the victim's apartment once, and when he was in her apartment he sexually assaulted her *and* tried to steal from her. Instead, the prosecution argues that defendant's two convictions of first-degree home invasion do not violate double jeopardy protections because each of defendant's convictions of first-degree home invasion contains at least one element that

is not an element of the other first-degree home invasion conviction. Specifically, the prosecution claims:

[I]n count three,[2] the prosecution was required to prove (a) that Defendant entered the dwelling without permission *with the intent to commit a first-degree criminal sexual conduct* and (b) that Defendant was armed with a knife and/or another person was lawfully present in the dwelling; and in count four,[3] the prosecutor had to prove (a) that Defendant entered the dwelling without permission, *with the intent to commit a larceny*, and (b) that Defendant was armed with a knife and/or another person was lawfully present in the dwelling. [Emphasis in original.]

In making this statement, the prosecution appears to argue that defendant committed two separate acts of first-degree home invasion because he intended to commit two separate crimes while inside the victim's apartment. However, the prosecution's argument on appeal does not comport precisely with the charges that the prosecution actually brought to the jury. In count three, the jury found defendant guilty of "Home Invasion—First Degree while entering, present in, or exiting *did commit* Criminal Sexual Conduct First Degree . . . ," while in count four, the jury found defendant guilty of "Home Invasion—First Degree — *with the intent to commit* a Larceny therein . . . ." (Emphasis added.) Accordingly, it appears that defendant was actually convicted of one count of first-degree home invasion because he broke into and entered the victim's apartment with the intent to commit a larceny, and was convicted

---

[2] This count corresponds to defendant's conviction of first-degree home invasion arising from his breaking and entering into the victim's apartment and committing an act of criminal sexual conduct therein.

[3] This count corresponds to defendant's conviction of first-degree home invasion arising from his breaking and entering into the victim's apartment with the intent to commit a larceny therein.

of another count of first-degree home invasion because he broke into and entered the victim's apartment and, while inside her apartment, actually committed criminal sexual conduct.

Yet despite whether defendant was charged with and convicted of two separate counts of first-degree home invasion because he intended to commit two separate underlying crimes or because he intended to commit one underlying crime and actually committed another, neither distinction is sufficient to establish that defendant committed two separate offenses of first-degree home invasion. Instead, as our Supreme Court recently noted in *People v Wilder*, 485 Mich. 35, 43; 780 NW2d 265 (2010), MCL 750.110a identifies several ways in which first-degree home invasion can be committed by providing "alternative elements" that must be established, i.e., each element of first-degree home invasion can be established by satisfying one of two alternatives set forth in the statute. The *Wilder* Court broke down the alternative elements of first-degree home invasion as follows:

> Element One: The defendant either:
>
> 1. breaks and enters a dwelling or
>
> 2. enters a dwelling without permission.
>
> Element Two: The defendant either:
>
> 1. intends when entering to commit a felony, larceny, or assault in the dwelling or
>
> 2. at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault.
>
> Element Three: While the defendant is entering, present in, or exiting the dwelling, either:
>
> 1. the defendant is armed with a dangerous weapon or
>
> 2. another person is lawfully present in the dwelling. [*Wilder*, 485 Mich. at 43 (emphasis omitted).]

Accordingly, *intending* to commit a felony, larceny, or assault, and *actually* committing a felony, larceny, or assault simply constitute two different methods of establishing the same element of first-degree home invasion. Therefore, the *Blockburger* test is not satisfied because defendant's two first-degree home invasion convictions are not premised on the establishment of different sets of elements. See *Smith,* 478 Mich at 307.

Instead, defendant's first-degree home invasion convictions arose from the same offense. The jury, when presented with two counts of home invasion arising from the same wrongful breaking and entering, was essentially asked to determine whether defendant was guilty of home invasion under each of the theories for establishing the second element of this offense.

To the extent that the prosecution contends that a separate home-invasion charge can be brought corresponding to each felony, larceny, or assault that defendant committed while in the dwelling, it has provided no authority to support this argument and, for this reason, we need not consider this argument. *People v Kelly,* 231 Mich App 627, 640-641; 588 NW2d 480 (1998); *People v Martin,* 271 Mich App 280, 315; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008). Further, the Legislature has not created separate statutes criminalizing home invasion when different underlying wrongful acts committed during the home invasion are at issue, and the statute itself does not support the notion that the Legislature intended to create a separate offense for home invasion corresponding to each type of actual or intended underlying crime occurring within the dwelling during the same invasion. See *Smith,* 478 Mich at 316. Instead, the statute simply indicates that establishing that defendant committed (or intended to commit) at least one felony, larceny, or

assault while in the dwelling is sufficient to satisfy this element. If anything, the claim that defendant intended to commit two predicate offenses while in the victim's apartment simply constitutes two separate theories under which his first-degree home-invasion conviction could be established.

Accordingly, defendant's convictions for two counts of first-degree home invasion constitute plain error. Instead, in light of the jury's verdict, defendant should have been convicted and sentenced for one count of first-degree home invasion supported by two theories. Therefore, following the example set forth in *People v Bigelow*, 229 Mich App 218, 222; 581 NW2d 744 (1998), we direct the trial court to vacate one of defendant's convictions and sentences for first-degree home invasion and modify defendant's judgment of sentence to specify that defendant's relevant conviction and sentence is for one count of first-degree home invasion supported by two theories.[4] Of course, the balance of defendant's judgment of sentence and conviction would remain unaltered, meaning that defendant's convictions and sentences for two counts of CSC I and one count of assault with intent to do great bodily harm less than murder still stand.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] We note that defendant has raised no additional claims of error.