COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEVIN-JAMEL RASHARD MYERS,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2015

No. 318599
Wayne Circuit Court
LC No. 12-011767-FC

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of involuntary manslaughter, MCL 750.321, armed robbery, MCL 750.529, larceny from a person, MCL 750.357, and possession of a firearm at the time of the commission of a felony ("felony-firearm"), MCL 750.227b. Defendant was sentenced to 10 to 15 years' imprisonment for the involuntary manslaughter conviction, 225 to 450 months' imprisonment for the armed robbery conviction, 5 to 15 years' imprisonment for the larceny from a person conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

I. DOUBLE JEOPARDY

Defendant first contends that his convictions for both armed robbery and larceny from a person violated his double jeopardy rights and that trial counsel was ineffective for failing to object to the instructions on double jeopardy grounds. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). A double jeopardy issue presents a significant constitutional question which should be considered on appeal regardless of whether the defendant raised it before the trial court. *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008). However, an unpreserved claim of violation of double jeopardy rights will be reviewed for plain error affecting substantial rights. *Id.* Defendant never raised the issue of double jeopardy before the trial court. Therefore, this issue is unpreserved for appeal.

Generally, a double jeopardy claim presents a question of law subject to a de novo review on appeal. *People v Ream*, 481 Mich 223, 226; 750 NW2d 536 (2008). However, our review is for plain error. *McGee*, 280 Mich App at 682. "Under the plain error rule, defendants must

-1-

show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a substantial right of the defendant." *People v Pipes*, 475 Mich 267, 279; 715 NW2d 290 (2006). The third element generally requires a showing of prejudice—that the error affected the outcome of the proceedings. *People v Borgne*, 483 Mich 178, 196; 768 NW2d 290 (2009). Finally, "reversal is only warranted if the defendant is actually innocent or the error seriously undermined the fairness, integrity, or public reputation of the trial." *Pipes*, 475 Mich at 274.

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for the same offense. US Const, Am V; Const 1963, art 1 § 15. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004). The purpose of the double jeopardy protection against multiple punishments for the same offense is to protect the defendant's interest in not enduring more punishment than the punishment intended by the Legislature. *People v Calloway*, 469 Mich 448, 450-451; 671 NW2d 733 (2003). Under the Michigan Constitution, if the Legislature has clearly intended to impose multiple punishments, the imposition of multiple sentences is permissible regardless whether the offenses have the same elements. Where the Legislature has not clearly expressed such an intent, multiple offenses may be punished only if each offense has an element that the other does not. *People v Cain*, 299 Mich App 27, 41-42; 829 NW2d 37 (2012), vacated in part on other grounds 495 Mich 874; 838 NW2d 150 (2013). Thus, absent any legislative intent to impose multiple punishments, the validity of multiple punishments is determined under the "same elements standard" for purposes of both the United States and Michigan Constitutions. *United States v Dixon*, 509 US 688, 698; 113 S Ct 2849; 125 L Ed 2d 556 (1993); *People v Gibbs*, 299 Mich App 473, 489; 830 NW2d 821 (2013). Under the "same elements" test, "[i]f each offense requires proof of elements that the other does not, . . . no double jeopardy violation is involved." *People v Baker*, 288 Mich App 378, 382; 792 NW2d 420 (2010).

The larceny from a person statute, MCL 750.357, provides:

Any person who shall commit the offense of larceny by stealing from the person of another shall be guilty of a felony, punishable by imprisonment in the state prison not more than 10 years.

To prove the elements of larceny from a person, the prosecution must show that a defendant "(1) took someone else's property without consent, (2) moved the property, (3) intended to steal or permanently deprive the owner of the property, and (4) took the property from the person or from the person's immediate area of control or immediate presence." *People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012).

The armed robbery statute, MCL 750.529, provides, in pertinent part:

A person who engages in conduct proscribed under [MCL 750.530, i.e., robbery,] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or

-2-

otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years. [Footnote omitted.]

MCL 750.530 describes the offense of robbery, and states that "[a] person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years." Thus, in order to convict a defendant of armed robbery, the prosecution must prove that "(1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon." *Gibbs*, 299 Mich App at 490-491, quoting *People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007). As used in the statute, " 'in the course of committing a larceny' includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property." MCL 750.530(2). In *People v Williams*, 491 Mich 164; 814 NW2d 270 (2012), the Michigan Supreme Court addressed the interpretation of the 2004 amendments to the robbery statutes. See MCL 750.530, as amended by 2004 PA 128. In *Williams*, the Supreme Court held:

> The question before this Court is whether the Legislature intended to remove the element of a *completed* larceny from the crime of robbery when it amended the statutes in 2004. We hold that the Legislature demonstrated a clear intent to remove the element of a *completed* larceny, signaling a departure from Michigan's historical requirement and its common law underpinnings. Accordingly, an attempted robbery or attempted armed robbery with an incomplete larceny is now sufficient to sustain a conviction under the robbery or armed robbery statutes, respectively. [*Williams*, 491 Mich at 172.]

Defendant was convicted by the jury of both larceny from a person and armed robbery. On appeal, defendant claims that these convictions violate his double jeopardy rights by giving him multiple punishments for the same offense. Both defendant's felony information and the trial court's instructions to the jury provide that both the armed robbery and larceny from a person convictions were based upon defendant's theft of the victim's cellular phone and identification card from the nightstand of the motel room. However, the crimes of larceny from a person and armed robbery each have at least one element that the other does not. Conviction for larceny from a person requires a completed taking, *Brantley*, 296 Mich App at 551, and armed robbery does not, MCL 750.530; *Williams*, 491 Mich at 172. Conviction for armed robbery requires the prosecution to prove that the defendant "used force or violence against any person who was present or assaulted or put the person in fear, and . . . either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon," *Gibbs*, 299 Mich App at 490-491, while larceny from a person does not require proof of either of these elements, *Brantley*, 296

-3-

Mich App at 551. Because "each offense requires proof of elements that the other does not," *Baker*, 288 Mich App at 382, defendant's double jeopardy rights were not violated by his convictions for both offenses.

Defendant next contends that trial counsel was ineffective for failing to object to the jury instructions that led to the violation of defendant's double jeopardy rights. Effective assistance of counsel is presumed and the challenging defendant bears the heavy burden of proving otherwise. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). In order to show ineffectiveness of counsel, a defendant generally must show that: (1) counsel's performance did not meet an objective standard of reasonableness under prevailing professional norms; (2) there is a reasonable probability that, but for counsel's errors, the results of the proceedings would be different; and (3) the result that did occur was fundamentally unfair or unreliable. *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). This Court will not substitute its judgment for that of trial counsel on matters of strategy, nor will it employ the benefit of hindsight to assess the competence of counsel. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

Defendant did not receive ineffective assistance of counsel because of trial counsel's failure to object to the trial court's instructions that allowed for convictions for both larceny from a person and armed robbery. As noted above, defendant's double jeopardy rights were not violated by his convictions for both larceny from a person and armed robbery because each crime had at least one element the other did not. *Baker*, 288 Mich App at 382. Therefore, any objection trial counsel made to the jury instructions on that ground would have been meritless. Trial counsel is not required to advocate a meritless position, *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), and the failure to make a meritless objection cannot support a finding of ineffective assistance of counsel.

## II. SENTENCING GUIDELINES SCORING

Defendant next contends that the trial court erred in failing to score the sentencing guidelines for his involuntary manslaughter and larceny from a person convictions separately, and therefore, his sentences for those convictions constituted unlawful departures. We disagree.

When this Court reviews a claim that the scoring of the sentencing guidelines was erroneous, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. "This Court reviews de novo as a question of law the interpretation of the statutory sentencing guidelines." *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009) (internal quotation marks omitted).

As an initial matter, we note that defendant has waived appellate review of this issue. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). "One who waives his rights under a rule may not then seek appellate review

of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000), quoting *United States v Griffin*, 84 F3d 912, 924 (CA 7, 1996). "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's actions will be deemed to constitute a waiver." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011).

At defendant's sentencing hearing, the following exchange occurred:

> *THE COURT:* And it's the armed robbery conviction that the guidelines are figured for, correct?
>
> *PROSECUTOR:* Yes, your Honor.
>
> *DEFENSE COUNSEL:* Yes.

Thus, defense counsel explicitly agreed that defendant's sentences should be calculated after scoring the variables only for armed robbery. Such express satisfaction with the trial court's decision constitutes a waiver of this issue. *Id.* "[A] party may not harbor error at trial and then use that error as an appellate parachute . . . ." *People v Szalma*, 487 Mich 708, 726; 790 NW2d 662 (2010).

Even if defendant had not waived appellate review of this issue, however, his claim is without merit. MCL 771.14(2) provides, in pertinent part:

> A presentence investigation report . . . shall include all of the following:
>
> \* \* \*
>
> (e) For a person to be sentenced under the sentencing guidelines set forth in [MCL 777.1 *et seq.*] all of the following:
>
> (*i*) For each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of [MCL 777.1 *et seq.*] that contains the recommended minimum sentence range.
>
> (*ii*) Unless otherwise provided in subparagraph (*i*), for each crime having the highest crime class, the sentence grid in part 6 of [MCL 777.1 *et seq.*] that contains the recommended minimum sentence range.
>
> (*iii*) Unless otherwise provided in subparagraph (*i*), the computation that determines the recommended minimum sentence range for the crime having the highest crime class.
>
> (*iv*) A specific statement as to the applicability of intermediate sanctions, as defined in section 31 of chapter IX.
>
> (*v*) The recommended sentence. [Footnotes omitted.]

In *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014), this Court held that a trial court is "not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly scored and sentenced the defendant on the conviction with the highest crime classification." This Court continued:

> Given that the sentences are to be served concurrently, the guidelines range for the highest-crime-class offense would subsume the guidelines range for lower-crime-class offenses, and there would be no tangible reason or benefit in establishing guidelines ranges for the lower-crime-class offenses. [*Id*. at 691-692.]

On that basis, this Court held that sentences for lower-crime-class offenses to be served concurrently with the highest-class-felony sentence "did not need to be scored and there was no departure" based upon those sentences. *Id*. at 692.

Here, defendant was sentenced to 225 to 450 months' imprisonment for his armed robbery conviction, based upon a sentencing information report related to this "Class A" offense. As defendant admits, manslaughter and larceny from a person are "Class C" and "Class D" offenses, respectively. Further, defendant was sentenced to concurrent sentences for each of his convictions of armed robbery, manslaughter, and larceny from a person. Therefore, the trial court was not required to score the sentencing guidelines for any offenses other than armed robbery, and defendant's sentences for manslaughter and larceny from a person did not constitute departures. *Id*.

### III. STANDARD 4 BRIEF

Finally, in defendant's Standard 4 Brief on Appeal, defendant contends that the prosecution violated the *corpus delicti* rule because his conviction for armed robbery was supported only by his own statement to police. Again, we disagree.

In order to preserve a *corpus delicti* challenge for appellate review, a defendant must raise the issue in the trial court. *People v Ish*, 252 Mich App 115, 116; 652 NW2d 257 (2002). Though defendant claims that this issue is one regarding sufficiency of the evidence, for which a defendant need not take any steps to preserve, *People v Cain*, 238 Mich App 95, 116-117; 605 NW2d 28 (1999), "a challenge to the admission of a defendant's statement under the *corpus delicti* rule constitutes a challenge to the admission of evidence, not to the sufficiency of evidence," *People v Harden*, 474 Mich 862; 703 NW2d 189 (2005).[1] Therefore, because defendant never raised the issue of the *corpus delicti* rule in the trial court, this issue is unpreserved for appeal.

This Court generally "review[s] a lower court's decision regarding *corpus delicti* for an abuse of discretion." *People v King*, 271 Mich App 235, 239; 721 NW2d 271 (2006). However,

---

[1] "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

because defendant never raised the issue of the *corpus delicti* rule in the lower court, this issue is reviewed for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

"The purpose of the corpus delicti rule is to prevent the use of a defendant's confession to convict him of a crime that did not occur." *Ish*, 252 Mich App at 116. This rule precludes the prosecution from admitting evidence of a defendant's confession in a criminal case unless it has already admitted independent, direct or circumstantial evidence that "the specific injury or loss occurred and that some criminal agency was the source or cause of the injury." *Id*. "Under the *corpus delicti* rule, 'a defendant's confession may not be admitted unless there is direct or circumstantial evidence independent of the confession establishing (1) the occurrence of the specific injury . . . and (2) some criminal agency as the source of the injury.' " *People v Schumacher*, 276 Mich App 165, 180; 740 NW2d 534 (2007).

Defendant's inculpatory statements were properly admitted pursuant to the *corpus delicti* rule because direct and circumstantial evidence supported a finding that defendant committed an armed robbery against the victim. At trial, Officer Eric Woodall testified that defendant was arrested with the victim's identification card and cellular phone in his pocket. Defendant was also wearing a dark "hoodie" with lettering on the front of it, as well as other items of dark clothing, which matched the clothing of the suspect seen on the surveillance video from the motel. Additionally, defendant was arrested in a car matching the description of a car seen at the motel at the time of the victim's death. Finally, police officers found a handgun matching the caliber of a bullet found at the scene of the crime. While certainly circumstantial, this evidence, when coupled with the discovery of the bullet hole in the victim's body, supports a finding that the victim was robbed and that defendant was the source of the injury. *Id*. Even if defendant's confession was solely responsible for elevating the charges to armed robbery, "[a] defendant's confession . . . may be used to elevate the crime to one of a higher degree or to establish aggravating circumstances." *People v Cotton*, 191 Mich App 377, 389; 478 NW2d 681 (1991).

Additionally, the prosecution did not try to elicit testimony regarding defendant's extrajudicial statement to the police until after defendant had already testified on direct examination regarding the fact that he had taken the victim's cellular phone and identification card. Defendant's own testimony established sufficient direct evidence of a larceny necessary to support the armed robbery charge, and thus, the *corpus delicti* of the crime had been established. *Schumacher*, 276 Mich App at 180.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly