# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 19, 2015

Plaintiff-Appellee,

v

No. 319588
Van Buren Circuit Court
LC No. 13-018939-FC

TRELLAS ALFRED BRADDOCK,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Defendant Trellas Alfred Braddock was convicted by a jury of first-degree home invasion, MCL 750.110a(2), assault by strangulation or suffocation, MCL 750.84(1)(b), and interference with electronic communications, MCL 750.540(4) and (5)(a). He was sentenced to 20 to 50 years' imprisonment for the home invasion conviction, 10 to 50 years' imprisonment for the assault conviction, and 2 to 15 years' imprisonment for the conviction on interference with electronic communications. Defendant appeals as of right. We affirm.

Defendant first argues on appeal that there was insufficient evidence presented at trial to support the convictions on the three charged offenses. We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

-1-

With respect to first-degree home invasion, it is composed of three elements, each of which may be established by satisfying one of two alternatives. *People v Baker*, 288 Mich App 378, 384; 792 NW2d 420 (2010). First, the defendant must either (1) break and enter a dwelling, or (2) enter a dwelling without permission. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). Second, the defendant must either (1) intend, upon entry, to commit a felony, larceny, or assault in the dwelling, or (2) actually commit a felony, larceny, or assault at any time while entering, present in, or exiting the dwelling. *Id.* Third, while the defendant is entering, present in, or exiting the dwelling, either (1) the defendant must be armed with a dangerous weapon, or (2) there must be another person lawfully present in the dwelling. *Id.*

Here, sufficient evidence was presented for a rational juror to convict defendant of first-degree home invasion. First, the victim testified that after she refused to let defendant inside her house, defendant broke open the door. A witness testified that he observed defendant's forward movement into the victim's door and that the door then flew open, which was followed by a loud "bang," as if the door hit a wall. Evidence showed that the wood of the door frame was split, that pieces of wood were missing around the deadbolt and strike plate, and that the deadbolt was still extended. Thus, the evidence supported a conclusion that defendant broke and entered into the victim's house and that he also entered absent permission. Second, the victim testified that she was standing next to the door and became hysterical when defendant forced his way inside. Defendant then grabbed the victim and tried to take her cellular telephone out of her hand. Thus, the evidence supported a conclusion that defendant committed an assault while entering and present in the dwelling. Third, there is no dispute that the victim was lawfully in her own home at the time of this occurrence. Therefore, because the evidence in this case was sufficient to support a finding beyond a reasonable doubt that all three elements of first-degree home invasion were established, we affirm that conviction.

With respect to the conviction for assault by strangulation or suffocation, there was testimony that defendant wrapped one of his hands around the victim's throat and covered her mouth with his other hand after the victim had refused to give defendant her cellular telephone. Evidence showed two marks on the victim's neck and swelling on her right cheek bone. This evidence is consistent with the statutory definition of "strangulation or suffocation" under MCL 750.84(2), which defines both terms identically as meaning the "intentional[] impeding [of] normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." Accordingly, the evidence presented at trial was sufficient to support defendant's conviction for assault by strangulation or suffocation.

With respect to the interference by electronic communications conviction, MCL 750.540(4) provides:

> A person shall not willfully and maliciously prevent, obstruct, or delay by any means the sending, conveyance, or delivery of any authorized communication, by or through any telegraph or telephone line, cable, wire, or any electronic medium of communication . . . .

Defendant admitted that he tried to grab the victim's cellular telephone, preventing her from talking to her fiancé. Moreover, after defendant broke into the victim's house, he tried again to grab her cellular telephone when he knew she was on the telephone with the police. As

a result of both instances, the screen and speaker on the victim's cellular telephone were damaged. Therefore, there was sufficient evidence presented at trial to show that defendant willfully and maliciously prevented, obstructed, or delayed the conveyance of an authorized communication by telephone or by an electronic medium of communication. We reject defendant's contention that MCL 750.540(4) refers solely to communications with 911. In reading the plain language of the statute, *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999), we find that the phrase "any authorized communication" under MCL 750.540(4) is not limited to communications with 911. Instead, the statute encompasses any communication that a person has the "legal authority" to make. *Black's Law Dictionary* (7th ed) (defining "authorize"). Furthermore, the second call with which defendant interfered was a 911 call, and there was evidence that defendant was fully aware of that fact, where the victim testified:

> [W]e struggled for just a moment. [T]he way that my phone displays whether it was connected or not, the number 911 was still big across the top of the phone. [Defendant] looked down, saw that it still said 911, and ran back out the door.

Again, there was sufficient evidence to support the conviction, and the trial court did not err in denying a motion for directed verdict on the offense.

Finally, defendant argues on appeal that the trial court erred in scoring 10 points for offense variable (OV) 3, MCL 777.33. Defendant concedes that the alleged error does not alter the minimum sentencing range; therefore, resentencing is not necessary. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required."). Moreover, a review of the sentencing transcript reveals that defendant affirmatively agreed to the score of 10 points for OV 3; therefore, the issue was waived. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Additionally, "[a] party *shall not raise on appeal* an issue challenging the scoring of the sentencing guidelines . . . [on] a sentence that is within the appropriate guidelines sentence range unless the party . . . raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals," none of which occurred here. MCL 769.34(10); see also *People v Kimble*, 470 Mich 305, 311-312; 684 NW2d 669 (2004). Finally, even on substantive examination of the issue, the trial court did not clearly err in finding that a preponderance of the evidence established that, within the factual and transactional scope of the scored offense of first-degree home invasion, the victim suffered "[b]odily injury requiring medical treatment[,]" MCL 777.33(1)(d). See MCL 777.33(3); *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v McGraw*, 484 Mich 120, 133-135; 771 NW2d 655 (2009). Remand for resentencing is entirely unwarranted.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra