*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

FIDEL KINSEY,

      Defendant-Appellant.

UNPUBLISHED
February 26, 2019

No. 337133
Wayne Circuit Court
LC No. 16-005351-01-FH

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of first-degree home invasion, MCL 750.110a(2), and domestic violence, MCL 750.81(2). Defendant was sentenced, as a third habitual offender, MCL 769.11, to 5 to 20 years' imprisonment for the first-degree home invasion conviction, and 27 days, time served, for the domestic violence conviction. We affirm.

## I. BASIC FACTS

This case arises out of a home invasion that took place on April 4, 2016, at Janice Carter's ("Carter") apartment in Detroit. Prior to the home invasion, defendant and Carter dated and had a son together, MK. After the relationship ended, Carter had custody of MK, but would allow defendant to visit. On March 27, 2016, Carter told defendant that he could no longer visit MK.

On April 4, 2016, Carter was at her apartment with her friend Roger and MK. Carter and Roger were sitting on the couch when she heard a knock on the front door. Carter went to the door, looked through the peephole, and saw defendant in the hallway. Carter told Roger to go into her bedroom to avoid a confrontation with defendant. Carter opened the door and stepped into the hallway to speak with defendant. As Carter closed the door behind her, she kept her cell phone in one hand and the other hand on the doorknob.

Carter told defendant to leave. Defendant yelled at her about why she did not answer his phone calls and why she still had his phone number blocked. Carter and defendant continued to yell and swear at each other. Then defendant grabbed Carter by her shoulders and pushed her

through the front door and onto a couch inside the apartment. The front door opened because Carter held the doorknob in such a way that the latch did not close. Carter stood up from the couch and hit defendant, who was standing over her. Defendant then pushed her onto a second couch. When Carter stood up from the second couch, defendant grabbed her neck with both hands and squeezed. Defendant screamed for MK. MK came to his bedroom door, screamed, and ran toward defendant. Defendant let go of Carter's neck.

Carter called the Wayne State Police Department from her cell phone and said that she needed an officer to come to her apartment. Defendant heard Carter call the police and left. Carter went to a window and watched defendant run to his car and leave. During this incident, Roger never came out of Carter's bedroom.

Defendant testified to a very different version of events in which Carter invited him into her apartment to discuss defendant's lack of financial support. Defendant denied forcing his way into the apartment or assaulting Carter.

The trial court found defendant guilty as outlined above. He now appeals by right, arguing that he received ineffective assistance of counsel, that he did not validly waive his right to a jury trial, and that the evidence was insufficient to support his convictions.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel was ineffective for failing to obtain an exculpatory witness, failing to ensure that the entire 911 recording was played in the trial court, and failing to obtain Carter's prior sworn testimony for impeachment. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or a *Ginther*[1] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant made a motion for a new trial in the trial court, but the trial court did not hold a *Ginther* hearing. Therefore, this Court's review is limited to what is contained in the record. *People v Rockey*, 237 Mich App 74, 77; 601 NW2d 887 (1999). Whether defendant received the effective assistance of counsel is a question of law that is reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). To succeed on a claim of ineffective assistance of counsel, "a defendant must establish that 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). The question of whether counsel performed reasonably is "an objective one and requires the reviewing court to 'determine whether, in light of all the circumstances, the identified acts or

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

omissions were outside the wide range of professionally competent assistance.' " *Vaughn*, 491 Mich at 670, quoting *Strickland*, 466 US at 690. "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant first argues that defense counsel was ineffective because counsel failed to secure the neighbor that lived across the hall from Carter as a witness. "Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "A substantial defense is one that could have affected the outcome of the trial." *Id*. A decision regarding whether to call a witness is presumed to be a matter of trial strategy. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "We will not second-guess counsel on matters of trial strategy, nor we will [sic] assess counsel's competence with the benefit of hindsight." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Defendant alleges that this witness would provide exculpatory evidence that Carter invited defendant into the apartment and that there was no argument in the hallway. However, defendant failed to provide any information about the witness who would provide this purportedly exculpatory testimony, such as the witness's name, if the witness was in her apartment at the time of the assault, or what the witness would have stated. Defendant asserts, without supporting facts, that because Carter had a neighbor, that neighbor must have heard what happened in the hallway.

Defendant also has failed to establish the factual predicate that defense counsel could have called the witness. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) ("[T]he defendant necessarily bears the burden of establishing the factual predicate for his claim.") At the postconviction hearing,[2] defendant's appellate attorney stated that he was unsure whether defense counsel had done anything to find the witness. Defendant's argument rests on the inference that because the witness was not called, trial counsel must not have tried to find the witness. However, nothing in the record supports this inference. All the record shows is that the neighbor was not called as a witness, and that defendant's appellate counsel was not able to find the witness.

Even assuming that defense counsel's failure to call the witness was objectively unreasonable, defendant has not demonstrated that a different outcome would be reasonably probable. The trial court found Carter's testimony more credible than defendant's, especially in light of defendant's prior domestic violence conviction for strangling another woman, and it is not reasonably probable that the neighbor's testimony would have altered the result. Therefore, defense counsel's failure to call the witness was not ineffective assistance of counsel.

Defendant next argues that defense counsel was ineffective for failing to ensure that the entire 911 recording was played for the trial court. Defendant states that the beginning of the recording was not played, and that portion was exculpatory. However, the record suggests that

---

[2] The postconviction hearing was the result of defendant's motion for new trial. Defendant appeared by video and was allowed to speak at the hearing.

the entire recording was played. Before the recording was played, defense counsel stated that he listened to the recording prior to trial. The recording was then played. After the recording finished playing, defense counsel did not object or state that a portion of the recording was not played. Because the record does not indicate that a portion of the recording was not played, defendant's argument must fail.

Defendant finally argues that defense counsel was ineffective for failing to obtain Carter's prior sworn testimony that would have aided in her impeachment. However, defendant fails to articulate any information about Carter's prior purported testimony or how it would have been used to impeach her. Therefore, even if it was objectively unreasonable for defense counsel to not obtain Carter's testimony for impeachment, because defendant provided no information regarding Carter's testimony, this Court cannot say that the testimony was reasonably probable to affect the outcome in defendant's bench trial.

### III. VALIDITY OF WAIVER OF JURY TRIAL

Defendant next argues that his jury trial waiver was invalid because the trial court failed to comply with MCR 6.402(B) and that defendant's waiver was not made knowingly or voluntarily. We disagree.

This Court reviews a trial court's determination that a defendant validly waived his right to a jury trial for clear error. *People v Williams*, 275 Mich App 194, 197; 737 NW2d 797 (2007).

As this Court stated in *People v Cook*, 285 Mich App 420; 776 NW2d 164 (2009):

> A criminal defendant has a constitutionally guaranteed right to a jury determination that he is guilty beyond a reasonable doubt. However, with the consent of the prosecutor and the approval of the trial court, a defendant may waive his right to a jury trial. In order for a jury trial waiver to be valid, however, it must be both knowingly and voluntarily made. [*Id*. at 422 (citations omitted).]

A trial court's compliance with MCR 6.402(B) "creates a presumption that a defendant's waiver was voluntary, knowing, and intelligent." *People v Mosly*, 259 Mich App 90, 96; 672 NW2d 897 (2003). MCR 6.402(B) states:

> Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding. [MCR 6.402(B).]

Defendant first argues that the trial court failed to comply with MCR 6.402(B). However, defendant submitted a written and signed waiver of trial by jury to the trial court. The waiver form stated that defendant was advised and understood that he had a constitutional right to a trial by jury, he had an opportunity to consult with counsel, and the waiver occurred in open court as required by law. Additionally, the trial court questioned defendant regarding whether he

understood his right to a jury trial and whether defendant knowingly and voluntarily waived this right. The questioning was as follows:

> *The Court*: All right. [Defendant] I have before me now a signed or seemingly signed waiver of trial by jury and election to be tried without a jury. I'm gonna hold that form up in my left hand. Is that your signature on the form?
>
> *The Defendant*: Yes, sir.
>
> *The Court*: And you understand what this means, right?
>
> *The Defendant*: I come in front of you.
>
> *The Court*: That's right. You will. You have elected not to have a trial by jury, but to have a bench trial. And you understand that means I'm the only one making the decision about whether you're guilty or not guilty. Do you understand?
>
> *The Defendant*: Yes, sir.
>
> *The Court*: All right. You're okay with that?
>
> *The Defendant*: Yes, sir.
>
> *The Court*: All right. And you were the one that spoke up on this issue in the first place. But I still should ask you has anybody promised you anything or threatened you or twisted your arm in any way or even suggested that I'd give you a break if you waived your right to trial by jury and had a bench trial?
>
> *The Defendant*: No, sir.

The record is clear that the trial court advised defendant of his right to trial by jury, that the defendant understood that right, and voluntarily gave up that right. Further, before the trial court advised defendant of his right to trial by jury, defendant twice stated that he did not want a jury trial. Therefore, the trial court complied with MCR 6.402(B).

Defendant argues that his waiver was not knowingly made because he did not have the opportunity to consult with counsel. Defendant was represented by counsel when he initiated the discussion with the trial court about waiving his jury trial. After defendant initiated the discussion about waiving his trial by jury, the trial court took a six minute break. During this time, defendant could have discussed with counsel his decision to waive his right to a trial by jury. The record does not indicate whether defendant actually discussed the waiver with defense counsel. However, defendant had the opportunity to do so. Furthermore, the trial court addressed defendant to ensure that defendant's waiver was knowingly made. Therefore, defendant's argument is without merit, and the trial court did not clearly err in determining that defendant knowingly waived his right to a trial by jury.

Defendant argues that the waiver was not voluntary because he only waived his right to a jury trial to secure an adjournment to procure a witness. Defendant's argument must fail precisely because of his argument. Defendant voluntarily waived his right to trial by jury to obtain a witness that was not present at the jury trial and to obtain new counsel. The trial court accepted defendant's waiver, adjourned the trial date, and appointed new counsel, which gave defendant time to procure the witness. Defendant's argument that the trial court coerced him into waiving his right to a jury trial in order to obtain exactly what he wanted is without merit, especially given that the trial court asked defendant if anyone "threatened you or twisted your arm . . . [to] waive[] your right to trial by jury. . . ." Therefore, the trial court did not clearly err in determining that defendant voluntarily waived trial by jury.

IV. SUFFICIENCY OF THE EVIDENCE

Defendant finally argues that there was insufficient evidence to support his first-degree home invasion conviction. We disagree.

"This Court reviews de novo a challenge to the sufficiency of the evidence in a bench trial. The evidence is viewed in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Lanzo Const Co*, 272 Mich App 470, 473-474; 726 NW2d 746 (2006).

Defendant was convicted of first-degree home invasion, pursuant to MCL 750.110a(2), which states:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling. [*People v Baker*, 288 Mich App 378, 382; 792 NW2d 420 (2010), quoting MCL 750.110a(2).]

Defendant argues that there was insufficient evidence because defendant testified that Carter invited him into her apartment. "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Carter testified that she did not invite defendant into her apartment, and instead defendant pushed her through the front door. Defendant testified that Carter invited him into the apartment. The trial court found Carter's "testimony that she came out of the apartment to talk to him and did not invite him in to frankly be much more credible than [defendant's] version." Because the trial court found Carter's version of events to be more credible, and viewing the evidence in the light most favorable to the prosecution, there was

sufficient evidence to support the trial court's finding that defendant did not have permission to enter Carter's apartment.

Defendant next argues that it is highly unlikely that if defendant assaulted Carter, Roger would stay in her bedroom. Roger did not testify at trial, and no testimony was introduced regarding why Roger did not intervene when defendant assaulted Carter. However, Carter testified that she wanted Roger to go to her bedroom to avoid a confrontation with defendant. It is reasonable to believe that Roger stayed in her bedroom to avoid any confrontation. The fact that Roger stayed in the bedroom does not, by itself, negate the trial court's determination that defendant assaulted Carter.

Defendant further argues that there was insufficient evidence of an assault because Carter did not have visible injuries from the two pushes and choke. While visible injuries may support the finding that an assault occurred, the lack of visible injuries does not necessarily mean an assault did not occur. The trial court noted that Carter did not have "any residual or obvious signs of assault," yet still determined that Carter's testimony was sufficient evidence that defendant assaulted her.

Because the trial court found Carter's testimony that defendant pushed her through the apartment door and then assaulted her in the apartment to be credible, there was sufficient evidence to support defendant's first-degree home invasion conviction.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica

-7-