PEOPLE v CRAWFORD

Docket No. 30834. Submitted January 18, 1978, at Detroit.—Decided
    May 8, 1978.

    Dell Crawford was convicted of six counts of armed robbery, in
    Wayne Circuit Court, Richard D. Dunn, J. All counts arose out
    of a holdup at Kindred's Bar in Dearborn. While all six victims
    in the Kindred Bar robbery testified, only some of these victims
    were able to identify defendant. The prosecution also called as
    witnesses five victims of a robbery at Lem's Lounge, also in
    Dearborn, and, again, only some of the victims were able to
    identify the defendant. The trial court also denied defendant's
    pre-trial motion to suppress reference to his prior criminal
    record, consisting of two convictions for armed robbery, in the
    event the defendant took the stand in his own behalf. Defend-
    ant appeals. *Held:*

    1. The rule allowing the decision whether to allow impeach-
    ment of a defendant in a criminal case by evidence of prior
    convictions to rest in the discretion of the trial court envisions
    a true exercise of discretion by balancing the competing factors,
    and the burden of persuasion is with the people to justify
    admissior.

    2. The factors a trial court must weigh in deciding whether
    or not to allow impeachment of a defendant in a criminal case
    by evidence of prior convictions are: (1) the nature of the prior
    offense (did it involve an offense which directly bears on credi-
    bility, such as perjury?); (2) whether it is for substantially the
    same conduct for which the defendant is on trial (are the
    offenses so closely related that the danger that the jury will
    consider the defendant a "bad man" or assume that because he

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 320–333.
    Right to impeach credibility of accused by showing prior conviction,
        as affected by remoteness in time of prior offense. 67 ALR3d 824.
    Admissibility, at trial of criminal case, of evidence of defendant's
        criminal acts other than those charged—Supreme Court cases. 93
        L Ed 185.
[3] 29 Am Jur 2d, Evidence §§ 322, 326.

was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?); a trial court abuses its discretion when it fails to consider these factors in deciding to allow evidence of prior convictions.

3. Parading groups of victims of unrelated offenses in front of a jury in a criminal case under the guise of proof of identity, thus proving identity only in the sense that it shows defendant's propensity to crime, in the absence of a truly unique fact situation, is improper.

4. In the retrial, the trial court should follow CJI 4:1:01 in regard to instructing the jury on its function with regard to defendant's claimed confession.

Reversed and remanded.

1. Criminal Law—Evidence—Admissibility of Evidence—Impeachment—Evidence—Prior Convictions—Discretion—Burden of Proof.

The rule allowing the decision whether to allow impeachment of a defendant in a criminal case by evidence of prior convictions to rest in the discretion of the trial court envisions a true exercise of discretion by balancing the competing factors, and the burden of persuasion is with the people to justify admission.

2. Criminal Law—Evidence—Admissibility of Evidence—Impeachment—Prior Convictions—Abuse of Discretion.

The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or assume that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and (3) the effect on the decisional process if the accused does not testify out of fear of impeach-

ment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?); a trial court abuses its discretion when it fails to consider these factors in deciding to allow evidence of prior convictions.

3. Criminal Law—Evidence—Identification Evidence—Similar Acts.

Parading groups of victims of unrelated offenses in front of a jury in a criminal case under the guise of proof of identity, thus proving identity only in the sense that it shows a defendant's propensity to crime, in the absence of a truly unique fact situation, is improper.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Lander C. McLoyd,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. Burns, P. J., and M. F. Cavanagh and D. C. Riley, JJ.

T. M. Burns, P. J. Defendant was convicted of six counts of armed robbery, MCL 750.529; MSA 28.797, by a Wayne County jury in August of 1976. He was subsequently sentenced to 43 years, 4 months to 65 years on each count. All the charges arose out of a holdup at Kindred's Bar in the city of Dearborn.

All six people who were victims in the Kindred's Bar robbery testified at trial. Some of these witnesses identified defendant as a participant in the robbery, others did not. In addition, the people called five witnesses under the similar acts statute,

MCL 768.27; MSA 28.1050, who had been victims of a robbery at Lem's Lounge, also a Dearborn bar. Again, some of the victims of the Lem's Lounge robbery identified defendant as a participant in that offense and some did not.

Defendant moved before trial to suppress reference to his prior criminal record, consisting of two convictions for armed robbery. The trial court refused to restrict the prosecutor's cross-examination if defendant chose to take the stand. This presents the factual framework for the main allegations of error in this appeal.

## I

We turn first to the trial court's refusal to suppress reference to defendant's prior convictions. The decision to allow impeachment by prior convictions is within the discretion of the circuit court. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). This rule envisions a true exercise of discretion by balancing the competing factors involved, however. See, *People v Farrar,* 36 Mich App 294, 301–303; 193 NW2d 363 (1971). The failure to do so in this case requires reversal.

The court below did not require the people to justify the use of these convictions for impeachment purposes. The defendant does not have the burden of persuading the court that his criminal record should be excluded. The people must justify admission. *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975).

The prosecutor did not participate in the discussion regarding the suppression of defendant's record. While this alone may not justify reversal, the trial court's decision evidences an abuse of discretion which does require reversal.

The factors which the judge must weigh in making his determination include: (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?). See, *People v Farrar, supra; People v McCartney, supra.*

Had the trial court balanced these factors, we are convinced that he would have suppressed defendant's prior record. Indicative of this fact is the following discussion:

"*Miss Ritter [Defense counsel]:* Obviously, he has the right to take the stand.

"*The Court:* Okay.

"*Miss Ritter:* I don't see a jury in the world that could acquit him knowing he has two robbery armed convictions.

"*The Court:* I agree."

' The court implicitly recognized that defendant could testify and be impeached with two prior armed robbery convictions (raising the dangers noted in factor 2 above) or forego testifying and deprive the jury of his side of the story (factor 3

above). Defendant did not testify or otherwise present a defense. To fail to suppress defendant's prior armed robbery convictions was an abuse of discretion requiring reversal in this case.[1]

## II

A similar problem, balancing the probative value against the prejudicial effect, is involved in the admission of the testimony of the victims of the Lem's Lounge robbery under the similar acts statute in this prosecution.

Judge WALSH has recently undertaken an extensive analysis of similar acts problems in *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978). Application of the principles[2] set out in that opinion would require that the evidence in this case be excluded.

There is a need to mention only one of the factors which should have gone into the trial court's analysis; the potential for confusing the issues in the case.. *People v Wilkens,* at 260. The jury was presented with testimony from two

---

[1] A similar analysis is appropriate under new MRE 609 and the result in a case such as this would be identical.

[2] These principles are now embodied in MRE 404(b).

In commenting on the equivalent rule in the Federal system, Judge Weinstein stated:

"The factors in each case are so varied and unique, and the counterthrusting pressures—constitutional and otherwise—so great, that in some instances the courts are thrown back to suggesting that the only requisite is that the decision accord with fundamental notions of fairness. Yet some aid to fairness is afforded by analyzing each proffer of other crime proof to determine what evidential hypotheses the jury is expected to use, and weighing the probative force of the line of proof against the need of the prosecutor and the risks specified in Rule 403. The more reason there is in the decision to admit or exclude, the more apt it is to be fair. Both bench and bar benefit at a trial if critical questions of admissibility are exposed and reasons clearly stated." 2 Weinstein's Evidence ¶ 404[08], p 404–441.

We can only echo the proposition that appellate review is aided if the attorneys and court below truly analyze these problems rather than perfunctorily admitting such testimony.

groups of robbery victims. As the prosecutor stated in argument on another point:

> "*Mr. Lang [Assistant prosecutor]:* Your Honor, I would say for the record that all the witnesses that have testified in his case by way of civilians testified in the last case, so, in a sense, this case would be tried for the second time today."

The potential for jury confusion, even if properly instructed, is obvious. We strongly disapprove of the practice of parading groups of victims from unrelated offenses in front of a jury under the guise of proof of identity, in the absence of a truly unique fact situation. See, *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976). This type of evidence proves identity only in the sense that it shows defendant's propensity to crime. Such a use is improper.

## III

The other issues raised merit little or no discussion.

The record does not support defendant's claim that the 36-hour delay between his arrest and arraignment was used as a tool to extract a confession. It appears that the interview which resulted in the confession was initiated at defendant's request. See, *People v White,* 392 Mich 404; 221 NW2d 357 (1974), *cert den,* 420 US 912 (1975).

In the retrial, we suggest that the trial court follow CJI 4:1:01 in instructing the jury on its function with regard to defendant's claimed confession.

For the reasons stated in section I of this opinion, the conviction is reversed and remanded for a new trial.