PEOPLE v KING

Docket No. 77-4253. Submitted January 10, 1979, at Lansing.—Decided August 20, 1979.

Defendant, Melvin King, was convicted of attempted armed robbery in the Recorder's Court of Detroit, John Patrick O'Brien, J. Defendant appeals alleging abuse of discretion in ruling that the prosecution could introduce evidence of defendant's prior felony conviction in cross-examination in the event defendant testified. *Held:*

It is sufficient that the court recognized that it had discretion in allowing or disallowing evidence of defendant's prior conviction to be used in cross-examination. It is not necessary that the court place its weighing process of the various factors on the record.

Affirmed.

C. J. HOEHN, J., concurred in the result for a different reason. He would hold that the failure of the court to require the prosecution to justify the use of a prior conviction to impeach defendant was harmless error in this case. He would further hold that whenever a defendant impeaches a prosecution witness by the use of prior convictions, the trial judge has a sufficient basis for permitting the prosecutor to use prior convictions of defendant for impeachment purposes.

OPINION OF V. J. BRENNAN, P.J.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

It is within the discretion of the trial court to allow or disallow impeachment of a criminal defendant by evidence of prior convictions after considering various factors; a trial court did not err in exercising its discretion where it recognized its discretion, even though it failed to specifically place the weighing process in the record and where there is no showing that improper factors were considered.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 320, 321, 327, 333.
[2] 81 Am Jur 2d, Witnesses §§ 569-571.

OPINION OF C. J. HOEHN, J.

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVIC-
    TIONS.

*Failure of the prosecutor to justify admission of evidence of prior
convictions to impeach the defendant was not prejudicial where
the defendant used prior convictions to impeach a prosecution
witness; in such circumstances the trial judge has a sufficient
basis for permitting the 'prosecution to use defendant's prior
convictions for impeachment.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Victor M. Norris,*
Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant.

Before: V. J. BRENNAN, P.J., and M. F. CAV-
ANAGH and C. J. HOEHN,* JJ.

V. J. BRENNAN, P.J. Defendant, Melvin King,
was charged with armed robbery in violation of
MCL 750.529; MSA 28.797. Defendant's jury trial
resulted in his being convicted, on November 10,
1976, of attempted armed robbery. MCL 750.92;
MSA 28.287. On November 24, 1976, defendant
was sentenced to 40 to 60 months in prison, and
defendant appeals from his conviction as of right.

Defendant raises only one issue on this appeal.
Defendant claims that the trial court did not
properly exercise its discretion when it ruled that
defendant's prior conviction for armed robbery
could be used by the prosecution in cross-examina-
tion if the defendant elected to testify. We dis-
agree.

Upon review of the record it is found that the
prosecution properly requested a ruling as to the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

admissibility of defendant's prior conviction. This, together with the trial court's response, indicated that the trial court recognized its discretion in the matter and thus the rule in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), was not violated. It is true that in the exercise of this discretion various factors are to be balanced. See *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). However, no Michigan case holds that this weighing process must be specifically placed on the record. In the recent case of *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), the Supreme Court could have imposed this specific requirement but chose not to do so.

The present case differs from *Baldwin, supra,* and *Crawford, supra,* wherein the trial court violated the proper standard in exercising its discretion. Since the record in the present case indicates that the trial court recognized its discretion and since there is no showing that improper factors were considered, we find no error.

Defendant's conviction is affirmed.

M. F. CAVANAGH, J., concurs in the result.

C. J. HOEHN, J. *(concurring).* I concur in the result but not the reasoning set forth in Judge BRENNAN's well-considered and well-written opinion in the instant case.

Reference to the record does not reveal any showing by the prosecution to justify the use of the conviction for impeachment purposes. *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), requires such a showing on the record.

"The court below did not require the people to justify the use of these convictions for impeachment purposes. The defendant does not have the burden of persuading

the court that his criminal record should be excluded. *The people must justify admission."* (Emphasis added.) *Crawford, supra,* 38.

Here the record is barren of any showing by the prosecution to justify the use of prior convictions to impeach.

The error, in this instance, is not prejudicial. The trial of this case occurred before the decision in *Crawford, supra,* and followed the procedure approved by this Court in *People v Pleasant,* 69 Mich App 322; 244 NW2d 464 (1976). The failure of the trial court to anticipate the procedural methods set forth in *Crawford,* does not, per se, require reversal of the conviction.

The writer would hold that *Crawford* is only a method to assist the appellate court in checking to insure that defendant has received a fair trial and as such should be prospective in nature only.

It is further noted that the defendant used prior felony convictions to impeach the complaining witness.

It would be an interesting twist to the "good guy —bad guy" syndrome, which has lately so titillated the bench and bar, if the defendant were released because the impeached complaining witness appeared before the jury as the "bad guy" while, the convictions of the defendant having been suppressed by the court, the defendant appeared to the jury as the "good guy".

I would hold that, whenever a defendant impeaches a prosecution witness by the use of prior convictions, the trial judge has a sufficient basis for permitting the prosecution to use prior convictions of defendant for impeachment purposes. Interestingly, this doctrine would bring us full circle

to § 1(f)(ii) of the English Criminal Evidence Act of 1898.

Under the above circumstances, defendant suffered no prejudice but, indeed, stood on even ground with his accusor.

The conviction is affirmed.