PEOPLE v WOODS

Docket No. 43746. Submitted February 5, 1980, at Lansing.—Decided
     April 24, 1980.

   Charlie L. Woods was convicted of first-degree murder in the
      Genesee Circuit Court, Harry B. McAra, J. The defendant was
      sentenced to life imprisonment. During trial the defendant
      sought an advisory ruling as to whether or not evidence of his
      prior conviction for second-degree murder would be admissible
      for impeachment purposes if he testifed on his own behalf. The
      trial court concluded that the similarity of the two crimes
      required admission of evidence of the prior conviction. Defen-
      dant did not testify and now appeals. *Held:*

      Failure of the trial court to exercise discretion by balancing
      the competing factors in determining whether evidence of a
      prior conviction would be admissible for impeachment purposes
      and merely considering the similarity of the two crimes consti-
      tutes reversible error.

      Reversed and remanded.

CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS.

      A trial judge's failure to exercise discretion by balancing the
      competing factors in determining whether to admit for im-
      peachment purposes evidence of a prior conviction of defendant
      and merely concluding that the similarity of the crime in the
      prior conviction to the crime charged required admission con-
      stitutes reversible error.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *Edwin R. Brown,* Assistant
Prosecuting Attorney, for the people.

*William Grossman,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
[1] 81 Am Jur 2d, Witnesses § 569.

Before: CYNAR, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant appeals by right from his conviction by a jury of first-degree murder, MCL 750.316; MSA 28.548. The sentence imposed on defendant was life imprisonment.

The first of three issues raised by defendant concerns the admission of evidence of defendant's prior conviction of second-degree murder. Defense counsel, during trial, asked the trial court for an advisory ruling as to whether or not evidence of defendant's prior conviction would be admissible for impeachment purposes. The record discloses that the trial court mistakenly concluded that the similarity of the two crimes required admission of evidence of the prior conviction. The court stated:

"But on a like crime I think the law is, in a murder case, that I would allow it just if there's any similarity between this case and the case where he pled guilty to * * *."

Defendant did not testify. This constitutes reversible error. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Crawford,* 83 Mich App 35, 40; 268 NW2d 275 (1978), MRE 609.

Defendant's remaining claims of error are not meritorious.

Reversed and remanded for new trial.