PEOPLE v AARON

Docket No. 46789. Submitted June 10, 1980, at Detroit.—Decided
    August 27, 1980.

Defendant, Walter Aaron, appeals from convictions of armed
    robbery and possession of a firearm during the commission of a
    felony, and also from his conviction of habitual offender, fourth
    offense, in Recorder's Court of Detroit, Dalton A. Roberson, J.
    Defendant contends: (1) that the trial court abused its discre-
    tion in denying defendant's motion to suppress evidence of his
    prior convictions; (2) that there was insufficient evidence to
    sustain the armed robbery and felony-firearm convictions; and
    (3) that defendant's habitual offender conviction must be re-
    versed as being contrary to the requirements enunciated in
    *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), in that
    the prosecutor did not proceed on the habitual offender charge
    until after defendant's convictions of armed robbery and felony-
    firearm had already occurred, even though defendant's past
    record was readily available to the prosecutor. *Held:*

    1. The trial court heard arguments on the motion to suppress
    evidence of defendant's prior convictions and recognized, on the
    record, its discretion to deny the motion. There was no error in
    holding that the evidence was admissible for impeachment
    purposes.

    2. Defendant's contention that there was insufficient evidence
    to sustain his armed robbery and felony-firearm convictions is
    without merit because the eyewitness testimony of the victim,
    coupled with the recovered stolen check made payable to the
    defendant, would enable a finder of fact to establish his guilt
    beyond a reasonable doubt.

    3. Because of defendant's allegation of error with respect to
    the habitual offender conviction, defendant was sentenced to a
    lesser term in prison. Defendant has not been prejudiced by
    that alleged error.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 29 Am Jur 2d, Evidence § 327.

D. C. RILEY, J., concurred but would hold that, in future cases involving the admissibility of evidence of prior convictions, trial courts must note the following three factors on the trial record before the prior convictions may be used against the defendant: (1) that the use of evidence of the defendant's prior convictions relate to credibility; (2) that the probative value of admission of evidence of the prior convictions outweighs any prejudicial effect; and (3) that there are no alternative, less burdensome means of impeaching the defendant while protecting his right to choose whether or not to testify.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — MOTION TO
SUPPRESS — DISCRETION.

   A trial court has the discretion to deny a motion to suppress evidence of prior convictions, and where the court hears arguments on the motion and recognizes its discretion on the record no abuse of discretion is shown.

### CONCURRENCE BY D. C. RILEY, J.

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — ADMISSIBILITY
— DISCRETION.

   *A trial court has the discretion to grant or deny a motion to suppress evidence of prior convictions, but the court must note, on the record, its consideration of the following three factors before evidence of prior convictions may be admissible for purposes of impeachment: (1) that defendant's prior convictions relate to credibility; (2) that the probative value of admission outweighs any prejudicial effect; and (3) that there are no alternative, less burdensome means of impeaching the defendant while protecting his right to choose whether or not to testify.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: Bashara, P.J., and D. C. Riley and E. A. Quinnell,* JJ.

Bashara, J. Defendant appeals his jury conviction of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant also appeals his guilty-plea conviction of habitual offender, fourth offense, MCL 769.13; MSA 28.1085.

Initially, defendant contends that the trial court abused its discretion in denying the motion to suppress evidence of his prior convictions. The court heard arguments on the motion and recognized its discretion on the record. *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979). We find that the court did not err in holding that the evidence was admissible for impeachment purposes, based upon the factors enunciated in *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), and MRE 609.

Defendant's contention that there was insufficient evidence to sustain the armed robbery and felony-firearm convictions is also without merit. The eyewitness testimony of the victim, coupled with the recovered stolen check made payable to the defendant, would enable a finder of fact to establish his guilt beyond a reasonable doubt. *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Finally, defendant alleges that the habitual offender conviction must be reversed as being obtained contrary to *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). In view of the fact that defendant was sentenced to a lesser prison term as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a result of the alleged error, we find no possible prejudice.

Affirmed.

E. A. QUINNELL, J., concurred.

D. C. RILEY, J. *(concurring).* I concur with the majority opinion but believe that the admissibility of prior convictions issue merits further comment.

The trial judge correctly noted his discretion on the record. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). He did not, however, note his consideration of the *Crawford (People v Crawford,* 83 Mich App 35; 268 NW2d 275 [1978]) factors in this matter, specifically, that defendant's convictions relate to credibility, that the probative value of admission outweighs any prejudicial effect and that there are no alternative, less burdensome means of impeaching the defendant while protecting his right to choose whether or not to testify. The trial court must note all three factors on the record in future cases. MRE 609, *People v Joyner,* 93 Mich App 554; 287 NW2d 286 (1979).