# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 16, 2017

Plaintiff-Appellee,

v

No. 334322
Cass Circuit Court
LC No. 15-010244-FH

RAMON CALDWELL, JR.,

Defendant-Appellant.

Before: HOEKSTRA, P.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of two counts of first-degree home invasion, MCL 750.110a(2); assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); and indecent exposure, MCL 750.335a(2)(a). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent sentences of 18 to 30 years for the home invasion convictions, 8 to 30 years for the assault conviction, and 363 days for the indecent exposure conviction. Defendant appeals as of right. For the reasons explained in this opinion, we affirm in part and remand to the trial court to vacate the conviction and sentence for one of defendant's first-degree home invasion convictions, modify the judgment of sentence, and correct the sentencing information report.

At trial, BW testified that, at approximately 4:00 a.m. on August 9, 2015, she was awakened by a tap on her shoulder. BW heard someone say her name, and she then saw defendant, whom she recognized as the man dating her brother's ex-wife, standing near her bedroom door. Because defendant was not wearing any pants, BW could see his genitals. BW got out of bed, kicked defendant in the groin, and ran screaming from her bedroom. BW's screams awakened her mother, who came running into the hall. Defendant fled to the bathroom, and exited the house through the bathroom window. BW called the police. When BW and her mother went into the bathroom, they saw that bottles of soap and shampoo that were kept on the windowsill were not there. Police found defendant less than a mile from BW's home, intoxicated and sleeping in his car. BW identified defendant as the man who entered her home, and items from the bathroom were found in defendant's vehicle. In addition to facts surrounding the events at BW's home, the prosecutor also offered evidence that in 2003 defendant committed a similar home invasion with intent to sexually assault WAB.

At trial, defendant admitted that he went to BW's house, removed his pants, and exited via the bathroom window, but he claimed that BW had invited him to the house for consensual sex. The defense theory at trial was that BW invited defendant over to have sex and/or to frame defendant for attempted rape to aid BW's brother in his custody dispute with his ex-wife. Defendant denied the other-acts evidence involving WAB and denied ever harming any woman. The jury convicted defendant as noted above.

On appeal, defendant argues that his two convictions and sentences for first-degree home invasion violate double jeopardy protections. Plaintiff concedes error, and we agree. Because defendant's convictions were based on alternative methods of establishing the second element of first-degree home invasion, i.e., that defendant, while entering, present in, or exiting the dwelling committed an assault and a larceny, *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010), the convictions were not premised on the establishment of different sets of elements, and therefore, defendant received multiple punishments for the same offense. See *People v Baker*, 288 Mich App 378, 380-386; 792 NW2d 420 (2010). Defendant should have been convicted and sentenced for one count of first-degree home invasion supported by two theories. *Id.* at 386. Accordingly, we remand for the trial court to vacate one of defendant's convictions and sentences for first-degree home invasion and to modify the judgment of sentence to specify that defendant's remaining conviction and sentence for first-degree home invasion is for one count supported by two theories. See *id.*

Defendant next argues that the prosecutor argued facts not in evidence when the prosecutor stated, in closing rebuttal argument, that defendant said in a phone call from jail that he hoped the police did not fingerprint the door. Defendant objected to the challenged remark, but he objected on the basis that "no evidence" regarding defendant's phone calls from jail had been admitted, which is different than the specific argument defendant presents on appeal. Because an objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground, *People v Stimage*, 202 Mich App 28, 30; 507 NW2d 778 (1993), defendant's claim of prosecutorial error is unpreserved. We review unpreserved claims of prosecutorial error for plain error affecting defendant's substantial rights. *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015).

The test for prosecutorial error is whether the defendant was denied a fair and impartial trial. *People v Mesik (On Reconsideration)*, 285 Mich App 535, 541; 775 NW2d 857 (2009). A prosecutor may argue reasonable inferences from the evidence, but a prosecutor may not argue facts not in evidence or mischaracterize the evidence presented. *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001).

As plaintiff concedes, the prosecutor argued facts not in evidence when he remarked that defendant said in a phone call from jail that he hoped the police did not fingerprint the door. Although Deputy Ryan Shields testified that defendant, in his phone calls from jail, mentioned that his fingerprints should be on the door, Deputy Shields did not testify, and neither did Deputy David Nevins or defendant, that defendant said that he hoped the police did not fingerprint the door. The prosecutor committed error that was clear or obvious. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

However, the prosecutor's error did not affect defendant's substantial rights. *Cooper*, 309 Mich App at 88. Immediately after the prosecutor remarked that defendant said in the jail phone calls that he hoped the police did not fingerprint the door, in response to defendant's objection, the trial court instructed the jury that they were "to rely on their memories about the facts." Then, in final instructions, the trial court instructed the jury that it could only consider the evidence that was properly admitted, and that the lawyers' statements and arguments were not evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Additionally, the evidence against defendant was substantial. BW identified defendant as the partially undressed man who tapped her on her shoulder in the middle of the night in her bedroom; BW's mother testified that she had never seen BW as afraid as BW was that night; Deputy Nevins testified that BW, upon seeing defendant in his vehicle, wanted to get away from him immediately; bottles of shampoo and soap from the bathroom in BW's house were found in defendant's vehicle; defendant told Deputy Nevins that he had not been at BW's house, but then later claimed that he had been invited in by BW; and, in a similar case, defendant broke into WAB's house and woke her in the middle of the night, telling her that he was going to "stick [his] dick" in her. Based on the trial court's instructions and the strong evidence of defendant's guilt, the prosecutor's error did not affect the outcome of the proceedings. *Carines*, 460 Mich at 763.

Defendant also argues that the trial court erred in scoring prior record variable (PRV) 7, MCL 777.57 (subsequent or concurrent felony convictions), and offense variable (OV) 4, MCL 777.34 (psychological injury to victim). Because defendant did not challenge the scoring of PRV 7 and OV 4 at sentencing, in a motion for resentencing, or in a motion to remand, the scoring issues are unpreserved. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). We review unpreserved scoring issues for plain error affecting the defendant's substantial rights. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

Defendant asserts that, because one of his convictions for first-degree home invasion must be vacated, he only had one concurrent felony conviction, and therefore, the proper score for PRV 7 is 10 points, rather than 20 points. Plaintiff concedes error, and we agree. See MCL 777.57(1)(a), (b). Absent a second conviction for first-degree home invasion, defendant only had one concurrent conviction: assault with intent to commit criminal sexual conduct involving sexual penetration.[1] However, as defendant acknowledges, the trial court's error in scoring PRV 7 does not entitle him to be resentenced. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Nonetheless, we grant defendant's request to remand for the trial court to correct the sentencing information report to reflect a correct score of 10 points for PRV 7. See *People v Melton*, 271 Mich App 590, 593; 722 NW2d 698 (2006) (opinion by DAVIS, P.J.), superseded in part on other grounds by MCL 777.39.

---

[1] Assault with intent to commit criminal sexual conduct involving sexual penetration is a "felony" for purposes of PRV 7, while indecent exposure is not. See MCL 750.335a(2)(a); MCL 750.520g(1); MCL 761.1(f).

With regard to OV 4, the record indicates that BW provided two victim impact statements to the trial court. However, on appeal, defendant contends that BW's victim impact statements cannot be considered when reviewing the scoring of OV 4 because they do not appear in the lower court record. Absent the victim impact statements, defendant asserts there is no record support for the scoring of OV 4. This argument lacks merit. "In an appeal from a lower court, the record consists of the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced." MCR 7.210(A)(1). BW's victim impact statements were introduced at sentencing. The presentence investigation report indicated that two victim impact statements by BW were provided to the trial court. At sentencing, the trial court stated that it had received a victim impact statement from BW. The prosecutor and defendant knew that the victim impact statements had been received and were being considered by the trial court, and neither party posed an objection to the statements. Thus, the victim impact statements were part of the lower court record. The victim impact statements were, therefore, properly considered by the trial court, *People v Earl*, 297 Mich App 104, 110; 822 NW2d 271 (2012), and they are part of the record for purposes of our review, MCR 7.210(A)(1). Because the statements are not in the lower court file, we specifically asked defendant to provide copies of the statements to this Court. By failing to do so upon request, defendant has waived his challenge to the scoring of OV 4.[2]

In a Standard 4 brief, defendant argues that the trial court erred in admitting evidence of his 2003 assault of WAB. Defendant argues that (1) the prosecutor failed to provide pretrial notice of his intent to introduce other-acts evidence and no good cause existed for the failure and that (2) the other-acts evidence was not admissible under MRE 404(b) and MRE 403 because it was admitted to show defendant's character and was unfairly prejudicial.

We review a trial court's evidentiary decisions for an abuse of discretion. *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.* at 217. Preliminary questions of law relating to the admission of evidence, such as the interpretation of a rule of evidence, are reviewed de novo. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013).

MRE 404(b)(2) states: "The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale. . . ." This notice requirement "prevents unfair surprise and offers the defense the opportunity to

---

[2] Although defendant failed to provide us with the victim impact statements, according to the prosecutor's summary of the statements at sentencing, BW reported numerous psychological injuries, including emotional distress, a fear of leaving her home, loss of security, a sense of always "looking over her shoulder," fear of being alone, etc. These types of serious psychological injuries that may require professional treatment support the scoring of OV 4. See MCL 777.34(1)(a), (2); *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014).

marshal arguments regarding both relevancy and unfair prejudice." *People v Vander VanderVliet*, 444 Mich 52, 89 n 51; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

During trial, when the trial court ruled on the admissibility of the other-acts evidence, the trial court stated that the prosecutor did not give pretrial notice of his intent to introduce other-acts evidence, but it nonetheless concluded that the notice was "reasonably fair." The trial court failed to correctly apply MRE 404(b)(2). The principles of statutory construction apply to the rules of evidence. *People v Snyder*, 301 Mich App 99, 104; 835 NW2d 608 (2013). Thus, if the language of a rule of evidence is unambiguous, this Court must interpret the rule as written, without further judicial construction or interpretation. *Id.* at 104-105. Based on the language of MRE 404(b)(2), once the trial court determined that the prosecutor had not given pretrial notice, the trial court had to determine whether to excuse pretrial notice "on good cause shown." The trial court did not do this, and by failing to operate within the correct legal framework, the trial court abused its discretion. See *People v Everett*, 318 Mich App 511, 523; 899 NW2d 94 (2017).

When a trial court commits a preserved, nonconstitutional error, the error is presumed not to be a ground for reversal unless it affirmatively appears that the error, more probably than not, was outcome determinative. *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014). The trial court's failure to apply MRE 404(b)(2) did not result in outcome-determinative prejudice to defendant. See *People v Jackson*, 498 Mich 246, 278-280; 869 NW2d 253 (2015). As will be discussed, the other-acts evidence was substantively admissible under MRE 404(b). Thus, the trial court's failure to apply MRE 404(b)(2) did not result in the admission of substantively improper other-acts evidence, and although defendant was denied an opportunity before trial to marshal arguments against admission of the other-acts evidence, defendant has not shown that any successful arguments were available to him. Additionally, the prosecutor's notice of intent to introduce other-acts evidence could not have been a complete surprise to defendant. The prosecutor had named WAB on his witness list, and defendant, because he had pleaded guilty to charges arising from the assault on WAB, would have generally been aware of WAB's version of the 2003 assault. Furthermore, defendant has made no argument that he would have approached trial or presented his defense any differently had he received pretrial notice of the other-acts evidence. Defendant has not claimed that pretrial notice would have caused him to alter or abandon his defense of consent or would have led him to present any additional witnesses. Under these circumstances, the trial court's failure to apply MRE 404(b)(2) was not outcome determinative. See *Jackson*, 498 Mich at 278-280.

As already indicated, the other-acts evidence was admissible under MRE 404(b). For other-acts evidence to be admissible under MRE 404(b): (1) the prosecutor must introduce the other-acts evidence for a proper purpose, other than to show character and action in conformity therewith; (2) the other-acts evidence must be relevant under MRE 402, as enforced through MRE 104(b), to an issue of fact that is of consequence at trial; and (3) under MRE 403, the danger of unfair prejudice must not substantially outweigh the probative value of the evidence. *VanderVliet*, 444 Mich at 74; *People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009).

The prosecutor offered the other-acts evidence to show defendant's intent and common scheme or plan. Both are proper purposes for admission of other-acts evidence. MRE 404(b)(1). When a defendant pleads not guilty, all elements of the charged offenses are at issue. *People v Crawford*, 458 Mich 376, 389; 582 NW2d 785 (1998). Thus, based on the charges, the

prosecutor had to prove that defendant entered BW's home without permission, MCL 750.110a(2); *Wilder*, 485 Mich at 43, and that defendant had the intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005).

"[E]vidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). General similarity between the charged and uncharged acts, by itself, does not establish a common plan, scheme, or system. *Id.* at 64. Rather, there must be a concurrence of common features that the charged and uncharged acts are naturally to be explained as caused by a general plan of which they are the individual manifestations. *Id.* at 64-65. The plan, scheme, or system need not be distinctive or unusual; it need only support the inference that the defendant employed the plan in committing the charged act. *Id.* at 65-66.

Defendant's assault of BW and his assault of WAB contained common features beyond the mere commission of a sexual assault of a woman. Defendant broke into BW's home around 4:00 a.m., and he went into BW's bedroom, where he woke her by tapping her on the shoulder and saying her name. Similarly, defendant broke into WAB's home sometime after 3:00 a.m., and he went into WAB's bedroom, where he woke her by turning on a light. Defendant also exposed his genitals to both women. When BW woke, defendant was not wearing any pants, and defendant, after he had woken WAB, pulled down his pants. The other-acts evidence was relevant to show defendant's common plan, scheme, or system. *Unger*, 278 Mich App at 216.

When uncharged acts are offered to show a defendant's intent, the charged and uncharged acts need only be of the same general category. *People v Mardlin*, 487 Mich 609, 622; 790 NW2d 607 (2010). As just discussed, the similarity between the charged and uncharged acts extended beyond the commission of a sexual assault of a woman. There were several common features between the charged and uncharged acts. Defendant's statement to WAB, after waking her, that he was going to his "stick [his] dick" in her revealed defendant's intent, and this evidence was relevant to determining defendant's intent when he similarly broke into BW's home and removed his pants. Thus, the other-acts evidence was admissible to prove defendant's intent. *Unger*, 278 Mich App at 216.

While all relevant evidence is prejudicial, it is only unfairly prejudicial evidence that should be excluded under MRE 403. *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005). Unfair prejudice exists when there is a tendency that the jury will give evidence with little probative value too much weight. *Id.* at 614. "This unfair prejudice refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id.* (quotation marks and citation omitted).

In this case, the other-acts evidence was of significant probative value. BW testified that she did not invite to defendant to the house for sex, while defendant testified that he and BW had an agreement to have sex and that BW opened the back door for him. The other-acts evidence was relevant to determine whether the charged acts occurred, as well as defendant's intent, which

were the main issues at trial.  Furthermore, the trial court gave a limiting instruction regarding the other-acts evidence, which precluded the jury from using the evidence for the purpose of determining whether defendant was a bad person or likely to commit crimes.  The instruction was sufficient to protect defendant's right to a fair trial.  See *People v Magyar*, 250 Mich App 408, 416; 648 NW2d 215 (2002).  Overall, the trial court's decision to admit the other-acts evidence did not fall outside the range of reasonable and principled outcomes.  *Unger*, 278 Mich App at 216-217.

Next, in his Standard 4 brief, defendant argues that the trial court erred in allowing the prosecutor to impeach him with his prior convictions.[3]  "To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal."  *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001).  Defendant never objected to the prosecutor's cross-examination of him regarding his admissions of previous assaults on the basis that evidence of his convictions was inadmissible under MRE 609.[4]  While defendant made objections on the basis that the admissions were brought out to prove his character, in violation of MRE 404(b), an objection based on one ground is not sufficient to preserve an appellate attack on a different ground.  *Stimage*, 202 Mich App at 30.  Accordingly, the issue is unpreserved.  We review unpreserved claims of evidentiary error for plain error affecting the defendant's substantial rights.  *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011).

Relevant to defendant's arguments, on direct examination, defendant testified that he never raped or attempted to rape or hurt any female.  To rebut this specific testimony, the prosecutor then cross-examined defendant about his admissions regarding the assault of WAB as well as the fact that, as an adult, defendant had sex with his 14-year-old cousin, JP.  While defendant argues that the prosecutor's impeachment was improper under MRE 609, the prosecutor's cross-examination did not implicate MRE 609.  "MRE 609 is not applicable where evidence of prior convictions is offered to rebut specific testimony rather than to attack

---

[3] Defendant also claims that error occurred when the prosecutor stated that defendant had been sentenced to three years' imprisonment for the crimes he committed against JP in Tennessee. Defendant fails to provide a record cite to support his claim, meaning that his argument need not be considered.  *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008).  In any event, his claim is without merit because the prosecutor never mentioned any sentence that defendant received for assaulting JP.

[4] We note that defendant's argument is based on *People v Crawford*, 83 Mich App 35, 39; 268 NW2d 275 (1978), where this Court stated that a trial court, in determining whether to allow impeachment by prior convictions, must weigh three factors: (1) the nature of the prior offense, (2) whether the prior offense involved substantially the same conduct for which the defendant is on trial, and (3) the effect on the decisional process if the defendant does not testify out of fear of impeachment.  However, *Crawford*, which is not binding on this Court, MCR 7.215(J)(1), made no mention of MRE 609, which is the rule of evidence that governs impeachment by prior conviction.  See *Snyder*, 301 Mich App at 105.  Nonetheless, the three factors listed in *Crawford* are incorporated into MRE 609.

credibility in general." *People v Taylor*, 422 Mich 407, 417; 373 NW2d 579 (1985). Instead, the relevant rules of evidence are MRE 404(a)(1) and MRE 405(a). That is, in the context of a trial where defendant was charged with first-degree home invasion with assault as an underlying felony and with intent to commit criminal sexual conduct involving sexual penetration, defendant's testimony that he never raped or attempted to rape or hurt any female was evidence of a pertinent trait of character. MRE 404(a)(1); *People v Lukity*, 460 Mich 484, 498; 596 NW2d 607 (1999). Because evidence of a pertinent trait of character was admitted, cross-examination into relevant specific instances of conduct was permitted. MRE 405(a); *Lukity*, 460 Mich at 498. Thus, as allowed by MRE 404(a)(1) and MRE 405(a), the prosecutor's cross-examination of defendant concerned relevant specific instances of conduct related to defendant's claim that he never raped or attempted to rape or hurt any female. There was no plain error in the prosecutor's cross-examination of defendant. *Benton*, 294 Mich App at 202.

In his Standard 4 brief, defendant also argues that the prosecutor made several improper remarks during his closing argument. Defendant fails to provide any citations to the record to support his claim, meaning that his arguments need not be considered. *Petri*, 279 Mich App at 413. Even if we overlooked this deficiency, upon reviewing the prosecutor's closing argument and closing rebuttal argument, it is apparent that the prosecutor only made one of the alleged improper remarks, which was calling defendant's girlfriend, Alana Young, a "pimp." Because defendant did not object to the prosecutor's characterization of Young, the claim of prosecutorial error is unpreserved, *Bennett*, 290 Mich App at 475, and we review it for plain error affecting defendant's substantial rights, *Cooper*, 309 Mich App at 88. A prosecutor has wide latitude in arguing the facts and reasonable inferences arising from the evidence, and need not confine argument to the blandest terms possible. *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Evidence supported the prosecutor's characterization of Young as a pimp. BW testified that Young asked her to have a threesome with Young and defendant. Similarly, Young testified that she tried to convince BW to have a threesome with her and defendant and that there was talk of paying BW for sex. Accordingly, the prosecutor did not engage in any error when he referred to Young as a pimp. *Cooper*, 309 Mich App at 88.

Defendant also argues that the prosecutor committed error by suppressing JP's statement and when he allowed the jurors to view and read text messages that were not admitted into evidence. An appellant bears the burden of furnishing the reviewing court with a record to verify the factual basis of any argument on which reversal is predicated. *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Nowhere does the record establish that the statement of JP that the prosecutor used during his cross-examination of defendant was not provided to the defense or that the jurors viewed and read text message that were not admitted into evidence. Accordingly, we reject these claims of prosecutorial error.

Additionally, defendant argues that the prosecutor engaged in misconduct by behaving belligerently when he stood near witnesses while questioning them and by displaying a lack of professionalism, carelessness, and no concern about defendant's right to a fair trial. Because defendant has cited no legal authority in support of these claims of prosecutorial misconduct, they are abandoned. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

Defendant further argues that the prosecutor was predisposed to find him guilty because the prosecutor knew that Young had asked the police to fingerprint the back door to BW's home

and that Deputy Shields had not looked for fingerprints on the door. However, the police have no constitutional duty to develop potentially exculpatory evidence. *People v Anstey*, 476 Mich 436, 461; 719 NW2d 579 (2006). Accordingly, defendant's argument, which is predicated on Deputy Shield's failure to fingerprint the back door, is without merit.

Finally, in his Standard 4 brief, defendant argues that his right of confrontation was violated. Because defendant never objected to any testimony on the basis that the testimony violated his right of confrontation, the claim is unpreserved and reviewed for plain error affecting the defendant's substantial rights. *People v Putman*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

The Sixth Amendment, US Const VI, provides a defendant the right to confront the witnesses against him. *People v Fackelman*, 489 Mich 515, 525; 802 NW2d 552 (2011). The Confrontation Clause prohibits the introduction of out-of-court testimonial statements unless the declarant appears at trial or the defendant had a previous opportunity to cross-examine the declarant. *People v Nunley*, 491 Mich 686, 698; 821 NW2d 642 (2012), citing *Crawford v Washington*, 541 US 36, 53-54; 124 S Ct 1354; 158 L Ed 2d 177 (2004). In *Crawford*, the United States Supreme Court refrained from providing a definition for testimonial statements, but it noted that "testimony" was a "solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Nunley*, 491 Mich at 698 (quotation marks omitted).

Defendant claims that his right of confrontation was violated when the prosecutor read or quoted from JP's statement. JP's statement could have only implicated defendant's right of confrontation if it was a testimonial statement. See *id.* The context in which an out-of-court statement is made may determine whether the statement is testimonial. See, e.g., *Davis v Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L Ed 2d 224 (2006). The record reveals nothing about JP's statement. It is unknown when and under what circumstances the statement was made. Because the record is silent regarding the circumstances surrounding JP's statement, we cannot determine whether JP's statement was testimonial, and therefore, had the potential to implicate defendant's right of confrontation. Thus, we reject defendant's argument that his right of confrontation was violated when the prosecutor read or quoted from JP's statement. In any event, given that defendant admitted to having sex with his 14-year-old cousin on numerous occasions, the references to JP's statement did not affect the outcome of defendant's trial. *Carines*, 460 Mich at 763-764.

Defendant also argues that his right of confrontation was violated because Deputy Shields testified about a forensic analysis that was not performed by him. Defendant again fails to provide a citation to the record to support his argument. *Petri*, 279 Mich App at 413. And, the record shows that Deputy Shields did not give any testimony regarding any forensic analysis. Defendant's argument is without merit.

Affirmed in part and remanded for the trial court to vacate one of defendant's convictions and sentences for first-degree home invasion, modify the judgment of sentence, and correct the sentencing information report. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro